IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BRUCE BENSON | § | |
| | § | |
| VS. | § | CIVIL NO. 4:10-CV-764-Y |
| | §(CRIMINAL NO. 4:09-CR-056-Y(1)) | |
| | § | |
| UNITED STATES OF AMERICA | § | |

ORDER DENYING MOTION FOR RELIEF UNDER 28 U.S.C. § 2255
AND ORDER DENYING CERTIFICATE OF APPEALABILITY
(With special instructions to the clerk of Court)

Pending before the Court is defendant Bruce Benson's motion seeking relief under 28 U.S.C. § 2255. The government filed a response to the § 2255 motion, and Benson then filed a reply.[1] After careful consideration and review of Benson's motion under § 2255, the government's response, the reply, and the applicable law, and after an examination of the record of this case, the Court concludes that the § 2255 motion must be denied for the reasons stated by the government and as set forth here.

Benson seeks relief under 28 U.S.C. § 2255 on the grounds that (1) his guilty plea was not knowing and voluntary; (2) his conviction was obtained by the use of a coerced confession; (3) the government failed to disclose evidence which would have been favorable to him; and (4) he received ineffective assistance of counsel when counsel failed to inform him of the "real facts" concerning restitution, construed as a claim that had he understood

---

[1] Benson entitled the document, filed January 6, 2011, a "response," but as it was filed in reply to the government's response, the clerk of court is directed to note on the docket that this document is a reply.

he would be ordered to pay restitution, he would not have pleaded guilty.

With regard to Benson's first, second, and third grounds for relief, the Court concludes that such claims are procedurally barred from this Court's review under § 2255. The Supreme Court has emphasized repeatedly that a "collateral challenge may not do service for an appeal."[2] As the United States Court of Appeals for the Fifth Circuit has observed:

> After conviction and exhaustion or waiver of any right to appeal, "we are entitled to presume that [the defendant] stands fairly and finally convicted." [*Frady*] at 164. A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude, *Hill v. United States,* 368 U.S. 424, 428(1962), and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default, and "actual prejudice" resulting from the error. *Frady*, 456 U.S. at 168. This cause and actual prejudice standard presents "a significantly higher hurdle" than the "plain error" standard that we apply on direct appeal. *Id.* at 166. We apply this rigorous standard in order to ensure that final judgments command respect and that their binding effect does not last only until "the next in a series of endless postconviction collateral attacks." *Id.* at 165-66. A defendant must meet this cause and actual prejudice test even when he alleges a fundamental constitutional error.[3]

The cause-and-prejudice test applies both for failure to raise an error at trial and on appeal. It is only after a movant has met

---

[2] *United States v. Frady*, 456 U.S. 152, 165 (1982).

[3] *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991), *cert. den'd,* 502 U.S. 1076 (1992).

both requirements that a reviewing court should proceed to a determination of his claim on the merits.[4]

Benson has shown no reason for his failure to raise these claims in this Court or through a direct appeal from this Court's conviction and imposition of sentence. Thus, he has not shown cause for his procedural default. Although the Court thus need not engage in the prejudice analysis, Benson has also failed to satisfy that requirement.

Benson claims that his guilty plea was not knowing and voluntary because he believed that he would not be required to pay court-ordered restitution and that, had he known, he could have presented evidence to show that the restitution order was improper. But complaints concerning restitution may not be addressed in § 2255 proceedings.[5] Moreover, Benson's claim that he did not know he was subject to restitution is directly refuted by his own testimony at the rearraignment hearing, and by the documents he signed.

Both Benson and his counsel signed the factual resume (criminal docket 10). The factual resume included the following in the listing of maximum penalty exposure:

---

[4] *United States v. Bondurant,* 689 F.2d 1246, 1250 (5th Cir. 1982).

[5] *See generally Campbell v. United States,* 330 Fed. Appx. 482, 483, 2009 WL 1472217, at *1 (5th Cir. May 27, 2009)("A district court lacks jurisdiction to a modify [sic] restitution order under § 2255, a writ of error coram nobis, or 'any other federal law.'")(quoting *United States v. Hatten,* 167 F.3d 884, 887 & nn 3 &6 (5th Cir. 1999)).

3

> The defendant shall be ordered to pay restitution to any victim of his crime, which restitution may include community service. The defendant specifically agrees, pursuant to 18 U.S.C. § 3663(a)(3) that the extent of the restitution ordered by the Court may include defendant's total offense conduct, and is not limited to the restitution attributable to Count One of the Information.

Benson signed this factual resume.(Factual Resume at 3.) At the rearraignment hearing, Benson testified that he signed and understood the factual resume. ((May 20, 2009, Rearraignment Transcript (Tr.) at 23-24.) Benson also testified to the Court that he understood the penalties and consequences, including the ordering of restitution. (Rearraignment Tr., at 19.)

Ordinarily, "a defendant will not be heard to refute his testimony given under oath when pleading guilty."[6] "Solemn declarations in open court carry a strong presumption of verity," and the "representations of the defendant, his lawyer, and the prosecutor at a [plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings."[7] Any documents signed by the defendant at the time of the guilty plea are entitled to "great evidentiary weight."[8]

After review of the record, and giving the proper deference to Benson's testimony and the factual resume he signed, he fails to

---

[6]*United States v. Fuller,* 769 F.2d 1095, 1099 (5th Cir. 1985)(quoting *United States v. Sanderson,* 595 F.2d 1021, 1022 (5th Cir. 1979)).

[7]*Blackledge v. Allison,* 431 U.S. 63, 73-74 (1977).

[8]*See United States v. Abreo,* 30 F.3d 29, 32 (5th Cir. 1994).

4

shown that he did not have a clear understanding that he would be required to pay restitution. Nothing otherwise appears in the record to suggest that Benson would be relieved of the requirement to pay the Court-ordered restitution after he served his prison sentence. Rather, at the sentencing proceeding, after the Court stated the sentence including restitution of $782,297.14, when asked if he had any questions, Benson replied "No." (October 19, 2009, Sentencing Transcript at 6,8.) Thus, Benson's claim that he did not understand he would be required to pay restitution is denied.

Benson claims that his conviction was obtained by use of a coerced confession because he was told that if he "did not sign," his wife and son would be indicted. Benson asserts that, even though he did plead guilty, his wife and son were still indicted. Benson, however, was not convicted based upon a confession, he was convicted due to his entry of voluntary plea.[9] Further, if this claims is construed as an argument by Benson that he was induced to plead guilty based upon a promise that his wife and son would not be indicted, it is contradicted by Benson's own testimony. At rearraignment, he testified that no one had made any promise or assurance to him of any kind to induce him to plead guilty. (Rearraignment Tr. at 21-22.)

---

[9]*See generally McMann v. Richardson,* 397 U.S. 759, 771 (1970)("[A] defendant who alleges that he pleaded guilty because of a prior coerced confession is not, without more, entitled to a hearing on his petition for habeas corpus").

Benson also contends that the government failed to disclose evidence that would have been favorable to him. Benson asserts that there was evidence in the form of a report from the "NCIS" which would have shown that his company had been previously investigated for the same conduct for which he was convicted and no illegal activity was found. In order to support an action for violation of constitutional rights, a movant must allege specific facts and not merely make conclusory allegations.[10] But Benson has not provided such specifics. He offers no facts to support his claim that there was a previous investigation or that any report of any previous investigation exists. Further, even if there were an investigative report, Benson fails to show how such report would have altered the outcome of the instant case.

Remaining before the Court is Benson's claim that counsel was ineffective. The now-familiar two-pronged standard for review of claims of ineffective assistance of counsel was set forth by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984): "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the

---

[10]*See Ross v. Estelle,* 694 F.2d 1008, 1012 (5th Cir. 1983); *Knighton v. Maggio*, 740 F.2d 1344, 1349 (5th Cir. 1984).

6

defense."[11] This same test applies to challenges to guilty pleas based upon ineffective assistance of counsel.[12]

In order to show the deficiency component, the burden is upon the defendant to show that his counsel's representation fell below an objective standard of reasonableness by identifying acts or omissions of counsel "that are alleged not to have been the result of reasonable professional judgment."[13] A district court then determines whether, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."[14] There is a strong presumption that the performance of counsel falls within this range.[15] In order to prove prejudice in the plea process, the defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[16]

Benson's claims that counsel failed to inform him of the facts related to the imposition of restitution is not supported by the record. As noted above, Benson testified that he understood that, by pleading guilty, he was subjecting himself to court-ordered

---

[11]*Strickland,* 466 U.S. at 687.

[12]*Hill v. Lockhart,* 474 U.S. 52, 58 (1985).

[13]*Strickland,* 466 U.S. at 690.

[14]*Id., Hill,* 474 U.S. at 57-58 (citing *Tollet v. Henderson,* 411 U.S. 258 ((1973) and *McMann v. Richardson,* 397 U.S. 759 (1970)).

[15]*United States v. Samuels,* 59 F.3d 526, 529 (5th Cir. 1995); *see also King v. Lynaugh,* 868 F.2d 1400, 1405 (5th Cir.), *cert den'd,* 489 U.S. 1093 (1989).

[16]*Hill,* 474 U.S. at 59.

restitution. (Rearraignment Tr. at 19.) Further, Benson testified that he was satisfied with the representation and advice given him by counsel. (Rearraignment Tr. at 17. Benson has not overcome the record that reveals he did understand that he would be subject to restitution, and his claim that counsel was deficient in this regard is denied.

For all of the foregoing reasons, Bruce Benson's motion for relief under 28 U.S.C. § 2255 is DENIED.

*Certificate of Appealability*

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.[17] Rule 11 of the Rules Governing Section 2255 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."[18] The COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."[19] A petitioner satisfies this standard by showing "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further."[20]

---

[17]*See* Fed. R. App. P. 22(b).

[18]RULES GOVERNING SECTION 2255 PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS, RULE 11(a) (December 1, 2009).

[19]28 U.S.C.A. § 2253(c)(2)(West 2006).

[20]*Miller-El v. Cockrell,* 537 U.S. 322, 326 (2003), *citing Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

8

Upon review and consideration of the record in the above-referenced case as to whether petitioner Benson has made a showing that reasonable jurists would question this Court's rulings, the Court determines he has not and that a certificate of appealability should not issue for the reasons stated in this order.[21]

Therefore, a certificate of appealability should not issue.

SIGNED June 30, 2011.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[21] *See* Fed. R. App. P. 22(b); *see also* 28 U.S.C.A. § 2253(c)(2)(West 2006).